MOORE, Judge,
dissenting.
Because I conclude that the juvenile court lacked subject-matter jurisdiction of the maternal grandparents’ dependency and custody petitions, I respectfully dissent. On May 11, 2007, the maternal grandparents filed a document entitled “Complaint” in the Family Court of Baldwin County. That “Complaint” was actually a court-created preprinted form with blanks to be filled out by the complainant. The form states:
“The child is DEPENDENT and is in need of care or supervision for the reasons) checked below: CHECK AT LEAST ONE OF THE TYPES OF DEPENDENCY BELOW ”
(Bold typeface and emphasis in original.) Following the above, the form recites, in order, subdivisions a. through m. of Ala. Code 1975, § 12-15-1(10). The maternal grandparents checked the line next to: “The child is without a parent or guardian able to provide for the child’s support, training or education,” which corresponds to § 12 — 15—l(10)b.
The preprinted form is erroneous in its description of subdivisions a. through m. of § 12-15-1(10) as “types of dependency.” As this court has concluded, subdivisions a. through m. all modify subdivision n. See J.W. v. N.K.M., 999 So.2d 526 (Ala.Civ. App.2008). A child who is without a parent or guardian able to provide for the child’s needs is dependent only if the child is also in need of care and supervision. The preprinted form does not require the complainant to allege separately that the child is in need of care and supervision, but it assumes that the allegation is made when the complainant alleges that the child is dependent because of one or more of the conditions set out in subdivisions a. through m.
On August 17, 2007, the maternal grandparents filed their own petition for temporary and permanent custody of the child, not on a court-created preprinted form. In that petition, the maternal grandparents alleged that they had been the primary caregivers for the child for several years and that, during that time, they had “provided a loving and stable homeplace, daily care ..., and [had provided for] all of [the child’s] financial responsibilities.” These allegations negated the maternal grandparents’ prior “allegation” that the child was in need of care and supervision. See § 12-15-52(c)(l), Ala.Code 1975 (to invoke the dependency jurisdiction of the juvenile court, a party’s petition must “set forth with specificity ... [t]he facts which bring the child within the jurisdiction of the court, the facts constituting the dependency, ... and that the child is in need of supervision, treatment, rehabilitation, care or the protection of the state, as the case may be”).
*561 The testimony bore out that the child had never been without proper care and supervision. Both before and after the mother’s death, the maternal grandparents provided the child with proper care and supervision. I also note that the juvenile court made no finding of dependency in its final judgment. Even if it had, that finding would have been erroneous because there was no clear and convincing evidence indicating that the child was in need of care or supervision. See Ala.Code 1975, § 12 — 15—65(f).
The maternal grandparents mainly were concerned that, upon the mother’s death, no person had legal guardianship or custody of the child. The mother had been awarded sole legal custody of the child in the divorce from the father. The mother evidently failed to appoint a guardian for the child in the event of her death. However, the failure of a child to have a legal guardian or custodian does not render the child dependent if the child is otherwise being properly cared for and supervised. Rather, if the absence of a legal guardian or custodian acted in any way to adversely affect the welfare of the child, the maternal grandparents could have remedied that problem by filing an action in the Baldwin County Probate Court to have themselves appointed the child’s guardians pursuant to Ala.Code 1975, § 26-2A-73, or by filing an action in the circuit court to obtain legal custody of the child.
In this case, Judge Robert Wilters, a circuit court judge, actually awarded the maternal grandparents pendente lite legal custody of the child on August 17, 2007. This order vested the maternal grandparents with the custodial power to direct the child’s education and medical care. As this order illustrates, the child did not have to be declared dependent in a juvenile court proceeding in order to secure a guardian or custodian.
The juvenile court in this case was presented with a pure custody dispute between the maternal grandparents and the father; that dispute should have been resolved in the circuit court. For the same reasons stated in my special writing in J.W., 999 So.2d at 540-44 (Moore, J., dissenting), I would find the juvenile court’s judgment to be void for lack of subject-matter jurisdiction and I would dismiss the appeal. I, therefore, respectfully dissent.